No. 695 July 30, 2025 343

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of S. L. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. M. S.
and S. R. S.,
*Appellants.*

Lane County Circuit Court
22JU02731; A186416 (Control), A186419

In the Matter of E. C. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. M. S.
and S. R. S.,
*Appellants.*

Lane County Circuit Court
22JU02732; A186417, A186420

In the Matter of A. W. G. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. M. S.
and S. R. S.,
*Appellants.*

Lane County Circuit Court
22JU02733; A186418, A186421

Debra E. Velure Judge.

Argued and submitted June 18, 2025.

George W. Kelly argued the cause and filed the brief for appellant S. M. S.

G. Aron Perez-Selsky filed the brief for appellant S. R. S.

Emily N. Snook, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Joyce, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Mother and father appeal from permanency judgments in which the juvenile court changed the permanency plans for their three children—S, E, and A—from reunification to adoption. Both parents assign error to the juvenile court's determination that the Oregon Department of Human Services (ODHS) made reasonable efforts to reunify them with their children. Mother also assigns error to the juvenile court's determination that further efforts would not have made it possible for the children to safely return to her care within a reasonable time. We conclude that the juvenile court did not err in making its reasonable efforts determinations. Nor did it err in concluding that additional efforts would not have made it possible to return the children to mother within a reasonable time. Accordingly, we affirm.

ODHS became involved with this family in June 2022, based on allegations that mother was causing the children "harm and trauma by repeatedly subjecting [them] to unnecessary and invasive medical treatment, therapy or procedures" and that father "fail[ed] to maintain contact with the child[ren] to be aware of [their] circumstances and act protectively." S, E, and A were removed from their mother's home in June 2022, dependency jurisdiction was established in July 2023, and the permanency hearing at issue was held in October 2024. When ODHS moves to change a child's permanency plan away from reunification, the juvenile court is authorized to change the plan only if ODHS proves by a preponderance of the evidence that (1) it made reasonable efforts toward reunification; and (2) notwithstanding those efforts, the parents' progress was insufficient to make reunification possible. ORS 419B.476(2)(a); *Dept. of Human Services v. A. S.*, 278 Or App 493, 500, 380 P3d 319 (2016). The juvenile court made both determinations in this case before it changed the permanency plans for S, E, and A.

We are bound by the juvenile court's factual findings as to what efforts ODHS has made, so long as there is any evidence in the record to support them, but the ultimate determination whether ODHS made "reasonable efforts" is a legal conclusion that we review for errors of law. *Dept. of Human Services v. K. G. T.*, 306 Or App 368, 370, 473 P3d 131 (2020)

(findings); *Dept. of Human Services v. V. A. R.*, 301 Or App 565, 567, 456 P3d 681 (2019) (reasonable-efforts determination).

*Reasonable efforts (mother).* We begin with mother's argument that the juvenile court erred when it concluded that ODHS made reasonable efforts to reunify her with her children. "Reasonable efforts to reunify a child with [their] parent focus on ameliorating the adjudicated bases for jurisdiction and give parents a reasonable opportunity to demonstrate their ability to adjust their conduct and become minimally adequate parents." *Dept. of Human Services v. D. M. R.*, 301 Or App 436, 444, 455 P3d 599 (2019) (internal quotation marks omitted). "[I]n assessing the reasonableness of [O]DHS's efforts to make possible the safe return of a child to the parent's care, the court must consider the totality of the circumstances related to that issue." *Dept. of Human Services v. C. H.*, 373 Or 26, 51, 559 P3d 395 (2024).

We understand mother to argue that ODHS's efforts toward reunification were deficient because it unreasonably delayed giving mother a referral to a therapist experienced with treating factitious disorder imposed on another (FDIA) and also because it did "too little" to reestablish mother's visits with her children prior to the permanency hearing. The record indicates that ODHS located a FDIA specialist who would accept mother as a patient less than two months after mother received her FDIA diagnosis. Although mother did not start treatment with that specialist for several months thereafter, the record supports the juvenile court's finding that the delay in treatment was primarily due to mother's own inaction. With respect to ODHS's efforts to reestablish mother's visits with the children, the record shows that although each child ceased visiting their mother in 2023, ODHS was engaging in ongoing conversations with the children to determine what they needed to feel comfortable continuing their visits and proposed different ideas, including writing letters, for how the children could have contact with their mother. Having considered the parties' arguments and reviewed the record with the standard of review in mind, we conclude that the juvenile court did not commit legal error when it determined that ODHS made reasonable efforts toward mother's reunification with her children.

*Reasonable efforts (father).* Next, we turn to father's argument that the juvenile court erred in ruling that ODHS made reasonable efforts toward reunifying him with the children and relatedly that the court erred in changing their plans from reunification to adoption. In arguing that ODHS failed to make reasonable efforts, father asserts that ODHS should have referred him and the children to reunification counseling, his visits with the children were "unreasonably delayed," and ODHS should have assisted him with obtaining custody of the children. Based on our understanding the of the parties' arguments and our review of the record, we conclude that the evidence of ODHS's efforts—including, among other things, coordinating parenting classes for father, providing connections for mental health treatment, ensuring access to the children's therapist, and facilitating visitation—is legally sufficient to support the juvenile court's determination that those efforts were "reasonable" under ORS 419B.476(2)(a).

*Further efforts (mother).* Finally, we turn to mother's argument that the juvenile court erred in determining that further efforts would not have made it possible for the children to safely return to her care within a reasonable time. We understand mother to argue that the evidence was insufficient to support the juvenile court's determination. In reviewing a juvenile court's determination as to whether further efforts would make it possible for a child to return home in a reasonable time, "we view the evidence, as supplemented by permissible derivative inferences, in the light most favorable to the juvenile court's disposition, and we assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. D. I. R.*, 285 Or App 60, 62, 395 P3d 970 (2017). Having reviewed the record in the light most favorable to the juvenile court's disposition, we conclude that there was sufficient evidence in the record at the permanency hearing to support the court's ruling that further efforts would not make it possible for the children to safely return to mother's care within a reasonable time.

Affirmed.